Mr. Justice Richardson
delivered the opinion of the court:
The cause of this appeal was probably the misapprehension that a note, though payable on demand, was still entitled to the three days of grace ; but Chitiy, 2)9, says, u when a check or bill, &e. is expressed to be payable on demand, or when no time of payment is expressed, it is payable instantly on presentment without any allowance of days of grace.”
And the same exception to the general rule, which al *247 lows to notes three days of grace, has been recognized in the cases of Herrick vs. Bennett, and Thompson v. Kitchan, (8 Johnson’s Rep. 189.,) A note, then, which, expresses no time of payment, is payable instantly ; so much so, that this court, in the case of Woodward vs. Dunner, decided that the statute of limitations began to run from the date of such a note. The debt was therefore due, and the plaintiff could, of course, commence his action immediately.
Gregg, for the motion.
Goodioyn and Holmes, contra.
It is further contended that the plaintiff was bound to make a demand before commencing suit ; but no demand is requisite to charge a debtor, though it may L-e necessary, in order to render collateral securities liable, as indorsers, &c. and if it were requisite to make a demand before suit brought, the debtor might put himself out of the way and unjustly postpone the claim of his creditor, if not finally bar the recovery by lapse of time. The contract on the part of the debtor is simply the acknowledgment of a debt due, with a promise to pay it when required, and the requisition to pay may be made as well by writ as any other way. It is precisely like the case of a man having a deposite of money for another, the depositor may demand it, or sue at law at any time ; and on the other hand, the depositee may pay it at any time. The requisition to pay, and the failure to comply, affects in no way the contract, except that the debtor being no longer a depositee by the consent of the depositor, shews, by his neglect to pay, a wilful detension of the money of his creditor, which cannot add to the validity of the debt, nor give a remedy for the recovery, though it may superadd a fair claim to interest from the time of the detention.
The motion is therefore refused.
Justices Nott, Colcock and Johnson, concurred.